# NEWPORT COUNTY.

PETITION OF JOHN N. A. GRISWOLD in *Hazard* vs. *Durant*.

In accordance with an agreement made between the parties litigant to a bill in equity, a respondent who had been arrested on a writ of *ne exeat* filed a bond with a surety "to abide and perform the orders and decrees of the court in the cause," whereupon the writ was discharged.

Subsequently and before final decree the surety moved for an order discharging him from liability on the respondent principal's putting himself within the jurisdiction of the court and subject to its decrees.

*Held*, that the motion could not be granted.

*Held*, further, that a bond to "abide and perform" differs from a bond to "abide."

*Held*, further, that on discharging a writ of *ne exeat* a court may in its discretion require the respondent to give security to perform the decree.

In Rhode Island the right of bail to surrender his principal is by statute confined to civil actions.   . .

PETITION to be relieved from a bond.

The petitioner was one of the sureties in a bond given by Thomas C. Durant to obtain the discharge of a writ of *ne exeat*. See *Hazard* v. *Durant*, 11 R. I. 195, 196. The bond was filed August 24, 1868.

*Newport, September* 20, 1880. MATTESON, J. The respondent Durant, being in the custody of the sheriff on a writ of *ne exeat* issued against him, entered into an agreement in writing with the complainants Isaac P. Hazard *et al.*, by which he agreed to file a bond, with surety, in the penalty marked in the writ, to abide and perform the orders and decrees of the court in the cause, and the complainants agreed that thereupon the writ should be discharged, and that the court might enter its decree accordingly. Pursuant to this agreement, Durant filed a bond to the said complainants, with the petitioner and another as sureties, conditioned to abide and perform the orders and decrees of the court in the suit, and thereupon the court entered an order discharging the writ. The petitioner prays to be discharged from this bond on his principal's placing himself within the jurisdiction of the court and subject to its orders and decrees.

The petitioner in his argument treats a bond to abide and per-

form the orders and decrees of the court as equivalent to a bond to abide the event of the suit. He contends that the object of the writ of *ne exeat* is not to obtain security for the debt, but merely that the respondent will be present within the jurisdiction upon the entering of the final decree in the cause, to be dealt with by the process of the court and thereby compelled to perform its order; and he insists, therefore, that he is entitled to be discharged from liability upon the bond, on Durant's placing himself within the jurisdiction of the court. We do not assent to this argument. We cannot regard a bond to abide and perform the decree in the suit as equivalent merely to a bond to abide the event of the suit. To do so would be to ignore wholly the word perform contained in the former. Though it is true that courts will generally discharge a writ of *ne exeat* upon the respondent's giving security to abide the decree on the hearing of the suit, they may require the respondent to give security to perform the decree. In *Robertson* v. *Wilkie*, Amb. 177, the order was that the writ should be discharged upon the defendant's giving security in the sum of £1,000, by recognizance with two sureties, conditioned to abide and perform such decrees and orders as the court should make. So also in *Atkinson* v. *Leonard*, 3 Bro. C. C. 218, the order was that the writ be discharged on giving such security as the master should think proper, to pay what should be found due upon the account.

Moreover, the present bond was given not in pursuance of the order of the court, but in pursuance of an agreement between the complainants and the defendant. There is no suggestion of any fraud, imposition, or unfairness in obtaining it, practised by the complainants on the defendant or his sureties. It was an obligation which they voluntarily assumed. No reason is shown why they should not be held to its performance. *Griffith* v. *Griffith*, 2 Ves. 401. That the petitioner mistook the legal effect of the bond does not entitle him to relief.

But even if the bond in question was to be considered as having no other effect than a bond to abide the decree made upon hearing the cause, the petition could not be granted in the present stage of the proceedings. No final decree in the cause has yet been reached. In *La Clea* v. *Trot*, Prec. Ch. 230, case 192,

and *Stapylton* v. *Peill*, 19 Ves. Jun. 615, applications to be discharged were made by the sureties previously to the decree. In the former case, it was held that the surety was not entitled to be discharged upon the principal's putting in his answer, nor even upon his being by a subsequent process of the court committed to prison. In the latter, the ground of the application was that the defendant was in custody for not answering. Lord Chancellor Eldon refused the discharge, observing that he did not recollect such a motion but once, and then it was refused. In *Debazin* v. *Debazin*, 1 Dick. 95, and *Johnson* v. *Clendenin & Way*, 5 Gill & J. 463, cases in which the sureties were discharged and the bonds as to them cancelled, final decrees had been rendered. In the former, the defendant was in contempt and in custody for not performing the final decree. In the latter, the defendant had been proceeded against for contempt in not complying with the final decree, and had been committed to the custody of the sheriff until he should comply, but subsequently escaped. In these cases the bonds were properly cancelled because they had fulfilled the purpose for which they were given.

The petitioner has cited Tothill's note of the case, *Archboll* v. *Burrell*, in these words : " A Baile in this Court, or in the Civill Law, is discharged upon bringing in the Principall, as he may at the Common Law." This statement, however, is of doubtful authority. Beames, in his treatise on the writ of *ne exeat*, page 84, note (14), says, that he has in his possession a manuscript written by Sir George Carey, master in chancery, in which he finds the following passage : " A Bail in this Court, or in the Civil Law, is not discharged upon bringing in the Principal, as he is at Common Law. *Archepoole contra Burrell*, Michas. 23 et 24 Eliz.," and he suggests that *Archboll* v. *Burrell* and *Archepoole* v. *Burrell* seem to be the same case. The point was very fully considered in *The Matter of Wolfe*, 3 N. Y. Leg. Obs. 384–386, and the conclusion was there reached that the sureties in a *ne exeat* bond cannot, in the absence of statutory provisions, surrender their principal. By our statute the right of bail to surrender their principals is limited to civil actions.

*Petition dismissed.*

*Abraham Payne & Samuel R. Honey*, for petitioner.
*Charles S. Bradley & Francis B. Peckham, Jr., contra.*